LAND, J.
The opponent has appealed from a judgment homologating the final account of the receiver, on which the claim of the opponent for $1,357 appears as an ordinary debt.
In its opposition the appellant prayed to be recognized as a privileged creditor, on the ground that the receiver had come into possession of notes and accounts representing the proceeds of fertilizers sold by Self & Co. as the agent of the opponent.
It appears that after the appointment of the receiver the opponent ruled him to show cause why he should not be ordered to turn over the notes and accounts representing the proceeds of the consignment of fertilizers previously made to Self & Co. On the trial of the rule it was admitted that no fertilizers and no notes had come into the hands of the receiver; tout there were on the books *365 of Self & Co. open accounts representing sales of fertilizers. The judge held that the opponent was a creditor of Self & Co., and that its remedy was by opposition to the final 'account of the receiver. No appeal was taken by the opponent from the judgment dismissing the rule.
Subsequently the receiver obtained an order of court for the sale in lump of all the' property, including rights and credits, of the insolvent. No opposition was made to the granting or execution of the order, and all the assets were sold by the receiver en bloc for the price of $2,000. The opponent made no opposition to the sale, and made no application for the separate appraisement and sale of the open accounts in question. As to such open accounts, whatever their amount or value may have been, it is certain that the proceeds of their sale cannot be identified. The result is that, whether opponent’s claim of privilege be considered as arising from the ownership of said accounts or from sales made to the insolvent, it is impossible to recognize and enforce the same against the proceeds of the receiver’s sale.
Judgment affirmed.